**STARK, Plaintiff-Appellant, v. SCHNEIDER et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20336.   Decided July 25, 1946.

Harry A. Gillis and Eugene J. Chesney, Cleveland, for plaintiff-appellant.

Lee C. Howley, Director of Law and James M. McSweeney, Asst. Director of Law, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, PJ.

This cause comes to this court on an appeal on questions of law from a judgment for the defendant on the defendant's cross-petition and against the plaintiff on his petition, wherein the plaintiff asked for a declaratory judgment defining his rights in the Police Relief and Pension Fund of the City of Cleveland.

The plaintiff was appointed a member of the Police Department of the City of Cleveland about May 1, 1914. After serving as a police officer for more than twenty-five years he made application for leave to retire from the force and for a retirement pension as provided under the by-laws of the Police Relief and Pension Fund of said city. His application was filed July 2, 1941, and the Board of Trustees who are the defendants herein, granted said application and approved a retirement pension to be paid to him out of the Police Relief and Pension Fund of said city at the rate of $100.82 per month.

There are four sources provided for by statute from which the funds are derived to pay the pensions that have been awarded to police officers and their dependents under the direction of the Board of Trustees of the Police Relief and Pension Fund appointed to administer such funds.

First: From taxation (§4621 GC)

Second: From fees, fines and rewards and sale of unclaimed property (§4623 GC)

Third: From gifts (§4624 GC)

Fourth: From a 2% payroll deduction (§4625 GC)

The contention of the plaintiff in his petition is that only police officers' pensions can be paid out of the funds received from taxation and from such fines as are assessed against officers as disciplinary measures, and fees and rewards and the sale of unclaimed property, and that the dependents of police officers who, under the rules and by-laws are granted pensions, must look to the monies deducted from the payroll of the members of the department for payment of pensions awarded to them.

As indicated above, the court rendered judgment for defendants on their cross-petition in which it was alleged that all of the funds from whatever source received by the trustees, create but one fund which they were to administer under the rules and by-laws adopted to guide them in the administration of the fund and that all persons found entitled to pensions should be paid out of such fund.

The statutes of Ohio providing for relief and pensions funds for police officers and their dependents are §§4616 to 4631 GC inclusive.

Sec. 4628 GC provides:

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the fire department or in any other depart-

ment of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the board of trustees."

It is the contention of the appellant:

"1.   That the trial court by its judgment refused to declare his rights as a retired police officer under the police relief and pension fund.
2.   That the source from which pensions can be paid to dependents of deceased policemen is limited to the funds derived from payroll deductions as provided by §4625 GC supra."

The second of these contentions has been determined by this court in affirming the judgment of the common pleas court in the case of City of Lakewood, v McFerron et al.   In that case the city sought to enjoin the finance director of the City of Lakewood from paying to the trustees of the pension fund for the members of the fire department, monies out of the proceeds of the tax levy in excess of the actual amount required to pay the pensions of retired firemen.

The court in stating the question to be decided said:

"The suit is instituted for the purpose of determining the right of widows and dependents to share in the firemen's pension fund."

The court by its judgment dissolved a temporary restraining order and dismissed plaintiff's petition.   The judgment of the common pleas court was affirmed by this court.

In considering the weight to be given this case it must be remembered that it was a case involving the right of dependents of deceased firemen to receive pensions out of the tax funds, when the court had under consideration §4605 GC before it was amended in 1939, which section was then exactly like §4621 GC providing for police pension funds before it was amended in 1943.   Both the amendments clarified the legislature's intention of including both firemen and dependents of deceased firemen and policemen and dependents of deceased policemen, as being entitled to benefits under the act.

**Sec. 4621 GC supra,** in part as amended provides:

"* * * shall each year levy a tax for the payment of all pensions granted to policemen * * * **and those eligible to receive pensions** during the fiscal year * * *."

And §4628 GC supra, in part provides:

"Such trustees shall make all rules and regulations for distribution of the funds including the qualifications of those to whom any portion of the fund be paid and the amount thereof."

Sections 23 and 23-1 of the rules and regulations of the Police Relief and Pension Fund provide for the payment of pensions to dependents.

In concluding that funds received from taxation for the police relief and pension fund as provided by §4621 GC as amended, supra, are not by that section limited to the payment of pensions to retired police officers but can be used by the trustees of the fund to pay all pensions granted by them, under the authority of the statutes of Ohio and their rules and by-laws, we are supported not only by the course of conduct of the trustees of the pension fund over a long period of time and by the like conduct of other pension fund trustees throughout the state, but also by the recognition of the rights of the trustees of pension funds to pay pensions to dependents of police officers out of funds received by virtue of §4621 GC supra, by the supreme court in the following cases:

**State ex rel Little v Carter, 111 Oh St 526**

**State ex rel Lunts, 132 Oh St 50**

**State ex rel Turnbull, 132 Oh St 235**

Coming now to the first contention of plaintiff that the court's judgment was in fact a refusal to enter a declaratory judgment as to his interest as a retired police officer in the police relief and pension fund.

The judgment of the court was for the defendant. The answer of the defendants categorically denied the allegations of plaintiff's petition wherein the plaintiff set forth his claims as to his rights in the pension fund, and the defendants' cross-petition clearly set forth the manner in which they, as trustees, were administering the funds coming under their jurisdiction.

The court's judgment was therefore a complete answer to plaintiff's question as to whether or not dependents of police officers could be paid pensions out of funds received under the provisions of §4621 GC supra.

It is indeed regrettable that under the provisions of the law as it now stands, sufficient funds are not available to meet the obligations of the city to those who have served it with fidelity. But the remedy is by proper legislation under the authority of §4621 GC (supra) and not through strained inter-

pretations of existing laws so that one class entitled to relief would be favored over another.

For the foregoing reasons therefore, the judgment of the common pleas court is affirmed.

LIEGHLEY and MORGAN, JJ, concur.